**Robin Olivia MARTINEZ,**
Plaintiff–Appellant,

v.

**The CITY OF NEW YORK, a municipal entity, Howard Safir, New York City Police Commissioner, in his official capacity, Bernard Kerik, New York City Police Commissioner, in his official capacity, Lucia Davis Raiford, Director, of New York City Police, in her official capacity, Patrick E. Kelleher, in his official capacity and individually, and Joseph P. Dunne, in his official capacity and individually, Defendants–Appellees.**

No. 03–7495.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2003.

Colleen M. Meenan, Meenan & Associates, New York, NY, for Appellant.

Ralph Janzen (Kristin M. Helmers, on the brief), Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellee.

Present: WALKER, Chief Judge, LEVAL, and CABRANES, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Robin Olivia Martinez, a police officer, appeals from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*) granting the defendant-appellee police and city officials' motion for summary judgment and dismissing the complaint in its entirety. We affirm.

By amended complaint dated May 1, 2001, Martinez asserted four causes of action against defendants-appellees: (1) retaliation in violation of the First Amendment (against her supervisor, Director Lucia Raiford); (2) deprivation of "substantive due process liberty interests" in violation of the Fourteenth Amendment (against all defendants); (3) retaliation in violation of the First and Fourteenth Amendments (against two of the individu-

al defendants and the City of New York); and (4) retaliation in violation of New York Civil Service Law § 75–b (against all defendants).

The district court found that, drawing all justifiable inferences in favor of Martinez, there was no genuine issue of material fact necessitating a trial and that Martinez's claims must fail. We review the district court's grant of summary judgment *de novo*. *Smith ex rel. Estate of Smith v. Federal Reserve Bank of New York*, 346 F.3d 264, 267 (2d Cir.2003).

Martinez's retaliation claims under the First and Fourteenth Amendments fail, as does her New York civil rights claim, from the absence of evidence of causation. The undisputed evidence shows that Raiford told Martinez of her intent to effect a transfer *before* Martinez's mother lodged a complaint on her daughter's behalf. Accordingly, the transfer could not have been caused by the complaint. Similarly, the memorandum dated December 9, 1999, which set forth Raiford's recommendation that Martinez be transferred and which Martinez seeks to characterize as a "reprimand," pre-dated the December 10 complaint lodged by Martinez's mother.

Martinez's due process claim is equally unmeritorious. As the district court correctly noted, there is no evidence whatever to suggest that anyone hid evidence from the court or tried to influence witnesses' testimony. Moreover, the allegations concerning defendants-appellees' defamatory tactics cannot support a due process claim because Martinez has failed to adduce any evidence that the alleged defamation "was coupled with a deprivation of a legal right or status." *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir.2002). Martinez was transferred between precincts, but suffered no demotion or reduction in pay. Finally, insofar as her prospective employment with the United States Secret Service was concerned, Martinez had no right to obtain that employment and, accordingly, cannot sustain her constitutional claim. *See Siegert v. Gilley*, 500 U.S. 226, 234, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (holding that damage to reputation, even if coupled with impairment of "future employment prospects," is not alone sufficient to establish a due process violation).

Because we find that Martinez failed to adduce any evidence of deprivation of a legal right or status, we need not reach her argument that the district court erred in relying on a redacted version of a Secret Service document. Even if the redacted portions were defamatory, Martinez's claim would still fail for want of a deprivation.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**